# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

STEPHANIE COLLINS,           )
                             )
    Movant,          )
                             )
v.                           )       Case No.   CV609-008
                             )                  CR606-026
UNITED STATES OF AMERICA,    )
                             )
    Respondent.      )

## REPORT AND RECOMMENDATION

Before the Court is Stephanie Collins's placeholder 28 U.S.C. § 2255 motion. (Doc. 1.) She has submitted four grounds for relief but has offered no facts in support of her claims. (*Id.* at 4-7.) Instead, as to each ground, the entirety of her claim consists of the following: "*See* memorandum of law." (*Id.*) No such memorandum accompanies her § 2255 motion. In her simultaneously filed motion for extension of time, Collins explained that she could not "properly submit" her § 2255 motion within the statutory limitations period (doc. 2), but the Court denied the extension since she did not present the type of "rare and exceptional circumstances" that support equitable tolling.[1] (Doc. 3.) In the months since she filed her § 2255 motion

---

[1] The Court explained that

she has not attempted to supplement her claims.

Collins's claims, as presented, are insufficient as a matter of law. Such conclusory claims—unsupported by any facts or argument of any kind—cannot entitle a movant to § 2255 relief. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.1991) (a movant is not entitled to habeas relief "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible") (quotes and cite omitted); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir.1973) (no § 2255 evidentiary hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations); *Gabe v.*

---

[a]n extension of time in a § 2255 case may only be granted if (1) the movant requests the extension upon or after filing the § 2255 motion, and (2) rare and exceptional circumstances warrant equitably tolling the limitations period. *Bowman v. United States*, 2008 WL 3200689 at *1 (M.D. Fla. Aug. 6, 2008) (unpublished) (citing *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001)). Collins has submitted her abbreviated § 2255 motion, but she fails on the second showing. While the Court appreciates the inconveniences that Collins is facing in preparing her motion, those inconveniences are of the type ordinarily faced by inmates across the country (*i.e.* not the rare and exceptional circumstances that would justify equitable tolling). *See Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (collecting cases showing rare and exceptional circumstances, such as state misconduct preventing timely filing of motion).

(Doc. 3 at 1-2.)

*United States*, 2009 WL 50161 at * 3 (S.D. Ga. Jan. 6, 2009) (unpublished); *Byrd v. United States*, 2008 WL 4326533 at * 3 (S.D. Ga. Sept. 22, 2008) (unpublished).

Rule 4 of the Rules Governing Section 2255 Proceedings states that a judge "must dismiss the motion" when it "plainly appears from the motion . . . that the moving party is not entitled to relief." Since Collins's motion provides no factual allegations whatsoever, it should be summarily **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  27th  day of April, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**